IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, as subrogee of URBAN EQUITIES REAL ESTATE, INC., an Illinois Corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2014-cv-4889 |
| EXPERT FLOORING, INC., an Illinois Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, GREATER NEW YORK MUTUAL INSURANCE COMPANY, as subrogee of URBAN EQUITIES REAL ESTATE, INC., by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, and complaining of the Defendant, EXPERT FLOORING, INC., states as follows:

## PARTIES

1. Plaintiff GREATER NEW YORK MUTUAL INSURANCE COMPANY (hereinafter "GNY") is a corporation organized and existing under the laws of New York, having its principal place of business located at 200 Madison Avenue, New York, New York 10016. GNY provides insurance products and services in several states, including in the State of Illinois. At all times relevant hereto, GNY insured a multi-story apartment building located at the corner of Lunt Avenue and Bell Avenue, with the listed address of 6967 North Bell Avenue, Chicago, Illinois, which is owned and operated by URBAN

EQUITIES REAL ESTATE, INC. (hereinafter "Urban Equities") pursuant to Policy No. 1112M16298.

2. At all times relevant hereto, Defendant EXPERT FLOORING, INC. (hereinafter "Expert Flooring") was and is an Illinois corporation with its principal place of business located in Des Plaines, Illinois. Expert Flooring is engaged in the business of hardwood floor finishing services.

## JURISDICTION

3. The Court has diversity jurisdiction over this lawsuit under 28 U.S.C § 1332(a)(1) because complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

4. Venue is proper in this District under 28 U.S. C. §1391(a) because the acts or omissions giving rise to the claim occurred within this District and because the property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

5. This action arises out of a fire at the apartment building located at 6967 North Bell Avenue, Chicago, Illinois that occurred on or about July 24, 2013.

6. The property is a multi-unit apartment building which is owned, operated and maintained by Urban Equities.

7. At all times relevant, GNY insured the apartment building owned by Urban Equities under policy number 1112M16298.

8. On or about July 24, 2013, an employee of Expert Flooring was re-finishing the hardwood floors in the kitchen of a first floor apartment in the property.

2

9. The kitchen in the first floor apartment is a galley-style kitchen, with a small, confined space.

10. The re-finishing process involved sanding the floors, followed by the application of a flammable polyurethane clear coat finish.

11. The application of the polyurethane clear coat finish created flammable vapors which were concentrated within the galley-style kitchen space.

12. Upon information and belief, the employee of Expert Flooring failed to turn off the pilot light to the stove in the kitchen prior to applying the polyurethane clear coat finish, leaving an open flame exposed to the flammable vapors.

13. Upon information and belief, while the employee of Expert Flooring was applying the polyurethane clear coat finish to the floors, the vapors produced were ignited by the pilot light in the stove.

14. The resulting fire spread throughout the apartment complex, resulting in significant fire damage.

15. Following the July 24, 2013 fire, and pursuant to its policy of insurance which insured the apartment complex, GNY paid insurance proceeds to Urban Equities in excess of $1,000,000.00 and is subrogated to the extent of those payments.

### COUNT I – NEGLIGENCE

1 – 15. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 – 15 as and for Paragraphs 1 – 15 of this Count I as if fully set forth herein.

16. At all time relevant hereto, Defendant Expert Flooring owed Urban Equities a duty to exercise reasonable care in the re-finishing of the hardwood floors in the subject apartment building.

3

17. Notwithstanding its aforesaid duty, in the course of refinishing of the hard wood floors, Defendant Expert Flooring committed one or more of the following negligent acts and/or omissions:

   a. Negligently, carelessly and improperly failed to turn off the gas pilot light to the stove in the kitchen prior to applying polyurethane clear coat finish capable of generating flammable vapors;

   b. Negligently, carelessly and improperly failed to close the natural gas valve in the kitchen prior to beginning work that generates flammable vapors;

   c. Negligently, carelessly and improperly performed work which generated flammable vapors in a small and confined space without using proper ventilation; and

   d. Negligently, carelessly and improperly failed to follow the instructions and warnings provided by the polyurethane clear coat finish manufacturer that any nearby ignition sources must be turned off before working with the product;

   e. Otherwise acted negligently, carelessly and improperly.

18. As a direct and proximate result of Expert Flooring's negligence, on July 24, 2013, the open flame from the gas stove pilot light ignited the polyurethane clear coat vapors produced during the floor refinishing, causing substantial fire and smoke damage to Urban Equities' apartment building, resulting in damages in excess of $1,000,000.00.

19. Pursuant to insurance Policy No. 1112M16298 which GNY issued to the Association for the condominium building, and which was in full force and effect at the time when the fire occurred, GNY has paid Urban Equities in excess of $1,000,00.00 for the loss sustained as a result of the aforementioned fire. As a result of GNY's foregoing payment to Urban Equities, GNY is an actual bona fide subrogee of Urban Equities, possessing all of Urban Equities' rights to the full extent of its payment to Urban Equities.

WHEREFORE for the foregoing reasons Plaintiff GREATER NEW YORK MUTUAL INSURANCE COMPANY, as subrogee of URBAN EQUITIES REAL ESTATE, INC., prays this Honorable Court enter judgment in its favor and against Defendant EXPERT FLOORING, INC. in an amount in excess of $1,000,000.00, plus any and all pre- and post-judgment interest, costs, and fees to which Plaintiff may be entitled.

Respectfully Submitted,

By: /s/ George M. Ferreti
George M. Ferreti
F. Todd Weston
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60606
Phone: (312) 863-5000
Fax: (312) 863-5099
gferreti@fgppr.com
tweston@fgppr.com

Attorneys for Plaintiff GREATER NEW YORK MUTUAL INSURANCE COMPANY, as subrogee of URBAN EQUITIES REAL ESTATE, INC.